UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 4843 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| FACULTY ASSOCIATION OF THE UNIVERSITY OF CHICAGO LABORATORY SCHOOLS, LOCAL 2063, AMERICAN FEDERATION OF TEACHERS, | ) ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff The University of Chicago filed this action against Defendant Faculty Association of the University of Chicago Laboratory Schools, Local 2063, American Federation of Teachers, alleging that labor disputes relating to the University's non-renewal of Mark Dreessen's teaching contract at the Laboratory Schools are not arbitrable under the parties' two Collective Bargaining Agreements ("CBAs"). The arbitration is scheduled to commence later this month. This court recently denied the University's motion to stay arbitration pending the outcome of this litigation, reasoning in part that the Norris-LaGuardia Act, 29 U.S.C. § 101, deprived the court of the power to temporarily enjoin the impending arbitration. *See* 2010 WL 4457321, at *1-3 (N.D. Ill. Oct. 28, 2010).

Now before the court is the University's summary judgment motion, which seeks a declaratory judgment that the labor disputes are not arbitrable under the CBAs. The Faculty Association contends that the disputes are arbitrable, but submits at the threshold that the University's motion should not be considered until the arbitration concludes. The University

-1-

replies that withholding a judicial decision on arbitrability until after the arbitration would waste the arbitrator's and the parties' time and resources if the disputes are not arbitrable.

The timing issue implicates a question of judicial authority: whether the Norris-LaGuardia Act deprives this court of the power to issue a pre-arbitration declaration that the parties' disputes are not arbitrable where, as here, the Act prohibits the court from enjoining the arbitration pending a judicial decision on arbitrability. Put another way, if the Norris-LaGuardia Act prohibits the court from entering an injunction to halt the impending arbitration, may the court nonetheless issue a declaration of non-arbitrability? At least three federal circuits have held that the Norris-LaGuardia Act does not prohibit courts from issuing such pre-arbitration declarations. *See Tejidos de Coamo, Inc. v. Int'l Ladies' Garment Workers' Union*, 22 F.3d 8, 15 (1st Cir. 1994); *Camping Constr. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1349-50 (9th Cir. 1990); *Bituminous Coal Operators' Ass'n, Inc. v. Int'l Union, United Mine Workers of Am.*, 585 F.2d 586, 595-96 (3d Cir. 1978). The court is aware of no circuit that has definitively ruled otherwise.

That said, the Seventh Circuit has indicated on two recent occasions that the Norris-LaGuardia Act applies with same force to pre-arbitration declarations of non-arbitrability as it does to injunctions. In *AT&T Broadband, LLC v. Int'l Bhd. of Elec. Workers*, 317 F.3d 758 (7th Cir. 2003), the court held in a Norris-LaGuardia Act case that judicial resolution of challenges to the arbitrability of labor disputes should follow, not precede, arbitration:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to litigate about arbitrability, then arbitrate the underlying dispute, and finally return to court to decide whether the award should be enforced. … AT&T agreed to, and must abide by, a system that postpones until after the arbitral

>decision any judicial review of the question whether a particular dispute
>was arbitrable.

*Id*. at 762.  As the University notes, *AT&T Broadband* was decided in the context of a request to enjoin an impending arbitration, not for a pre-arbitration declaration of non-arbitrability.  But the Seventh Circuit's reference to "a system that postpones until after the arbitral decision *any* judicial review of the question whether a particular dispute was arbitrable," *ibid*. (emphasis added), suggests that such declarations stand on the same footing as injunctions.

In the second case, *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150*, *AFL-CIO*, 335 F.3d 643, 650 (7th Cir. 2003), the employer filed suit against the union seeking a declaratory judgment that the parties' labor dispute was not arbitrable and an injunction prohibiting the union from proceeding to arbitration.  *Id*. at 647.  The district court, without considering the Norris-LaGuardia Act, denied the employer's motion for a preliminary injunction and *sua sponte* granted judgment on the pleadings to the union on the ground that the dispute was arbitrable.  *Ibid*.  The Seventh Circuit reversed the judgment, holding that the district court had incorrectly resolved factual disputes on the pleadings.  *Id*. at 647-50.  The Seventh Circuit noted that the district court, on remand,

>must consider whether [the employer] has any entitlement to *either declaratory or injunctive relief* in light of the prohibitions of the Norris-LaGuardia Act and this court's holding in *AT&T Broadband* …, which held that a district court may not enjoin the arbitration of a labor dispute. Although *AT&T* may seem dispositive here, in the interest of fairness to the parties (who did not have an opportunity to brief the issue), we leave that question to the district court in the first instance.

*Id*. at 650 (emphasis added).  On remand, the district court disposed of the case on other grounds and the Seventh Circuit affirmed, with neither court addressing, let alone determining, whether the Norris-LaGuardia Act precluded issuance of a pre-arbitration declaration of non-arbitrability.

*See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL-CIO*, 2004 WL 1073177 (N.D. Ill. May 12, 2004), *aff'd*, 422 F.3d 522 (7th Cir. 2005). On that question, we are left with the Seventh Circuit's first opinion, which for purposes of Norris-LaGuardia appears to place pre-arbitration declarations on the same plane as injunctions.

But what about the Act's text, which does not mention declaratory judgments in setting forth the general rule that federal courts may not issue "any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute," 29 U.S.C. § 101? The Supreme Court's interpretation of the Tax Injunction Act shows that the Norris-LaGuardia Act's failure to reference declaratory judgments need not control its scope. The Tax Injunction Act provides as a general rule that a federal court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law." 28 U.S.C. § 1341. Like the Norris-LaGuardia Act, the Tax Injunction Act does not mention declaratory judgments. Yet in *California v. Grace Brethren Church*, 457 U.S. 393 (1982), the Supreme Court held that the Tax Injunction Act prohibits not only injunctions directed against state taxes, but also declarations holding state tax laws unconstitutional. The Court reasoned that the "declaratory judgment procedure may in every practical sense operate to suspend collection of the state taxes until the litigation is ended," adding that "because there is little practical difference between injunctive and declaratory relief, we would be hard pressed to conclude that Congress intended to prohibit taxpayers from seeking one form of anticipatory relief against state tax officials in federal court, while permitting them to seek another, thereby defeating the principal purpose of the Tax Injunction Act: to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Id*. at 408-09 (internal quotation marks omitted).

The premise underlying *Grace Brethren Church* is that a declaratory judgment holding a state tax law unconstitutional "would indirectly restrain the assessment, levy, or collection of taxes," *RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co.*, 169 F.3d 448, 454 (7th Cir. 1999), as state tax officials would be unlikely to continue assessing, levying, or collecting a tax declared unlawful by a federal court. By the same token, because federal courts have the last word on arbitrability, *see AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986), at least absent a contractual provision (not present here) clearly assigning arbitrability to the arbitrator, *see First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995), issuance of a pre-arbitration declaration of non-arbitrability in this case most likely would stop the impending arbitration in its tracks. *See Camping Constr.*, 915 F.2d at 1350 (noting that "[i]f an employer were to obtain a judicial declaration of [non-arbitrability] prior to the commencement of arbitration, then that declaration would be binding on the arbitrator in any later proceeding, if indeed the union were to proceed at all," and that "we cannot imagine that an employer armed with [such] a judicial declaration … would find it necessary to pursue a request for an injunction against an arbitration hearing that could not lead to an enforceable award"). While the analogy should not be stretched too far—unlike the Norris-LaGuardia Act, the Tax Injunction Act implicates federalism and comity concerns—there are significant parallels, as both statutes withdraw power that a federal court otherwise would have. *Compare Grace Brethren Church*, 457 U.S. at 408-09 ("principal purpose of the Tax Injunction Act [is] to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes") (internal quotation marks omitted) *with AT&T Broadband*, 317 F.3d at 761 (purpose of the Norris-LaGuardia Act is to "make … sure that judges keep their noses out of

labor disputes"); *Chicago Dist. Council of Carpenters Pension Fund v. K&I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (Norris-LaGuardia Act "imposes strict limits on the ability of courts to enjoin labor disputes"). So, just as the Tax Injunction Act prohibits declaratory judgments that in every practical sense would (contrary to the statute's plain terms) halt the collection, levy, and assessment of a state tax, perhaps the Norris-LaGuardia Act ought to prohibit pre-arbitration declarations of non-arbitrability that in every practical sense would (contrary to the statute's plain terms) halt an impending arbitration.

If the Norris-LaGuardia Act stripped the federal courts of subject matter jurisdiction to hear a certain category of case, it would be necessary to decide whether the Act precluded the court from issuing the declaration sought by the University. *See McCready v. White*, 417 F.3d 700 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). The Norris-LaGuardia Act, however, limits not the court's subject matter jurisdiction, but only its authority to enter certain kinds of relief. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 469-70 (2007) (Norris-LaGuardia Act "is facially a limitation upon the relief that can be accorded, not a removal of jurisdiction over 'any case involving or growing out of a labor dispute'"). Thus, if there is an alternative ground for decision, the court need not decide whether the Act, having prohibited an injunction against the impending arbitration, also prohibits issuance of a pre-arbitration declaration of non-arbitrability. There is an alternative ground in this case: even if the Norris-LaGuardia Act did not prohibit the pre-arbitration declaratory judgment the University seeks, the court would exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, to decline to issue the declaration at this juncture.

The Declaratory Judgment Act grants courts wide discretion to stay an action seeking declaratory relief:

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Even the Third Circuit, in holding that the Norris-LaGuardia Act does not *bar* district courts from issuing pre-arbitration declarations of non-arbitrability, recognized that a court has the discretion to decline to enter such a declaration. *See Bituminous Coal Operators' Ass'n*, 585 F.2d at 596-97.

The following considerations favor staying the University's request for a declaration pending the arbitration's completion. First, immediate consideration of the University's request, even if not prohibited by the Norris-LaGuardia Act, would run counter to the Seventh Circuit's strong preference for allowing arbitrations to proceed before "litigat[ing] about arbitrability." *AT&T Broadband*, 317 F.3d at 762. Second, the arbitrability issue here is complex enough—presenting questions such as which of the two CBAs applies and, depending on how that question is resolved, the meaning of the term "final" in the first CBA—that the court would benefit from receiving the arbitrator's considered judgment on arbitrability. Third, if the University prevails on the merits in arbitration, the arbitrability question will be moot, meaning that judicial economy would be served by postponing consideration of the University's

submission that the disputes are not arbitrable. *See Wylie v. Waste Mgmt.*, 2010 WL 2901828, at *3 (N.D. Ill. July 21, 2010).

Accordingly, the court in its discretion stays the University's request for declaratory relief pending completion of the arbitration. The University's summary judgment motion is denied without prejudice. If the Faculty Association prevails at arbitration on both arbitrability and the merits, the University may challenge the arbitral decision on the ground, among any others, that the parties' disputes are not arbitrable under the CBAs.

January 4, 2011

_____
United States District Judge